# FOR PUBLICATION

**FILED & ENTERED**

MAR 04 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – Santa Ana Division

| | |
|---|---|
| In re<br><br>INVENSURE INSURANCE BROKERS, INC.,<br><br>Debtor. | Case No. 8:19-bk-11889-SC<br><br>Chapter 11<br><br>**ORDER AND MEMORANDUM DECISION SUSTAINING DEBTOR'S OBJECTION TO CLAIM #5**<br><br><u>Hearing to be vacated:</u><br>Date: March 5, 2020<br>Time: 11:00 a.m.<br>Place: Courtroom 5C<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

Before the Court is Debtor's Objection filed October 30, 2019 [Dk. 107] to Claim No. 5. Proof of Claim ("POC") No. 5 was filed on September 22, 2019 by Duncan E. Prince and ERM Insurance Brokers, Inc. ("Claimants" or "Creditors") for $824,710.93, an amount which is comprised of two components: 1) a pre-petition, post-judgment order entered in State Court on May 14, 2019 of $578,847.58 for expert and attorney's fees, and 2) post-judgment interest on that order of $245,863.35.

Debtor does not object to the May 14, 2019 post-judgment order of $578,847.58 for expert and attorney's fees, but objects to Claimants' purported entitlement to post-

judgment interest of $245,863.35. Claimant specifies in its POC that the $245,863.35 is based on interest calculated as follows: (1) $245,861.38 is for 10% interest on the May 14, 2019 award of $575,252.60 for expert and attorney's fees beginning from the February 6, 2015 entry of judgment to the date of the filing of the Bankruptcy, May 16, 2019, and (2) $1.97 is for 10% interest on the May 14, 2019 award of $3,595.00 in attorney's fees incurred post-appeal beginning from May 14, 2019 to May 16, 2019.

Claimants filed an opposition on November 27, 2019 [Dk. 132]. Debtor replied on December 5, 2019 [Dk. 137]. On December 12, 2019, the Court conducted a hearing, with Carol Chow, Esq. appearing on behalf of Debtor, and Andrew Weiss, Esq. appearing on behalf of Claimants. Having carefully considered the arguments raised at the hearing and the record as a whole, the Court continued the hearing to March 5, 2020, and ordered the parties to jointly submit additional exhibits related to the State Court litigation and subsequent appeals. Pursuant to a scheduling order entered January 2, 2020 [Dk. 158], the parties were required to file a joint set of exhibits by January 31, 2020.

The Court has received Creditors' Unilateral Lodgment of Exhibits filed January 31, 2020 [Dk. 178] and Debtor's Additional Exhibits filed February 4, 2020 [Dk. 180], and notes that the Court's order requiring joint submittal was not followed, without good cause. Nonetheless, the Court has reviewed all the pleadings and the docket as a whole, and finds good cause to vacate the March 5, 2020, hearing, and enter this order.

For the reasons set forth fully below, the Court hereby finds that Claimants are not entitled to post-judgment interest of $245,863.35. Thus, Debtor's objection is SUSTAINED and Claim No. 5 is reduced to $578,847.58. In reaching its conclusion, the Court's analysis turns on whether post-judgment interest ceased to accrue in light of the Claimants' execution of an acknowledgment of full satisfaction.[1]

---

[1] While the December 12, 2019 hearing centered primarily on the issue of whether the Court of Appeals reversed or modified the February 6, 2015 judgment, after further consideration and analysis, the Court has determined that reaching such a conclusion would not be dispositive. Rather, the dispositive issue before the Court is whether

2

## I. Background

On July 1, 2013, Claimants initiated a civil action against Debtor in Superior Court for the State of California for the County of Orange ("State Court"), captioned *Prince v. Invensure Insurance Brokers, Inc.*, Case No. 30-2013-00638387-CU-BC-CJC. A judgment in favor of Claimants was entered on February 6, 2015.

### Pre-Judgment Expert Fees[2]

On February 26, 2015, Claimants submitted their memorandum of costs, which included a request for $134,682.53 in expert witness fees. Debtor filed a motion to tax or strike costs, which sought a complete reduction of the requested expert fees. Claimants filed an opposition, and Debtor subsequently filed a reply. In its minute order dated April 28, 2015, the State Court reduced the requested expert fees by $129,409.58, awarding only $5,272.95 in requested expert fees.

### Pre-Judgment Attorney's Fees

On April 10, 2015, Claimants filed a motion seeking $445,843.00 in attorney's fees. Debtor objected, and Claimants filed an opposition. The State Court ultimately decided the issue of attorney's fees in its May 20, 2015 minute order, denying Claimants' motion.

### Actions Taken During and After Appeal

Claimants appealed the State Court's orders on attorney's and expert fees, filing a Notice of Appeal on June 18, 2015.[3] The Court of Appeal for the State of California issued an opinion dated May 18, 2018, which reversed and remanded both issues. Back in State Court, Claimants filed a motion for reconsideration which sought reversal of the reduction of $129,409.58 in expert fees and $815,729.00 in attorney's fees. The parties

---

interest ceased to accrue on the in light of Claimants' execution of an acknowledgment of full satisfaction as opposed to partial satisfaction.

[2] Subsequent to the initial motions and resulting minute orders, the issue of pre-judgment expert fees and attorney's fees were collapsed and combined at the appellate level and after remand; however, each is discussed separately herein for ease of reference and clarity.

[3] According to the Court of Appeal opinion dated May 18, 2018, both parties filed appeals. However, the issues relevant to this proceeding are limited to Claimants' appeal.

fully briefed the matters, and the State Court conducted a hearing on May 6, 2019. The State Court took the matter under submission and, in its minute order dated May 14, 2019, awarded Claimants $129,409.58 in requested expert fees (which amount was in addition to the originally awarded $5,272.95) and $449,438.00 in requested attorney's fees (which amount was the $445,843.00 previously requested and denied and the $3,595.00 incurred in prosecuting the motion for reconsideration).

<u>The Issue Presently before the Bankruptcy Court</u>

The issue presently before this Court is whether Claimants are entitled to $245,863.35 in post-judgment interest on the May 14, 2019 award of attorney's and expert fees accruing from the dates specified in POC No. 5.

## II. The Accrual of Interest on State Court Post-Judgment Awards for State Court Pre-Judgment Costs and Fees stops after execution of an Acknowledgement of Full Satisfaction

The issue of accrual of interest is generally straight-forward. Under California Law, interest in the amount of 10 percent per annum ordinarily begins to accrue on prejudgment costs and attorney's fees upon entry of a state court judgment. *Lucky United Properties Inv., Inc. v. Lee*, 185 Cal. App. 4th 125, 137–38, 110 Cal. Rptr. 3d 159, 168 (2010), as modified on denial of reh'g (June 28, 2010).

"Generally, when a judgment includes an award of costs and fees, the amount of the award is left blank for future determination. After the parties file their motions for costs and any motions to tax costs, the trial court holds a post judgment hearing to determine the merits of the competing contentions. When the court's subsequent order setting the final amount is filed, the clerk enters the amounts on the judgment *nunc pro tunc*." *Bankes v. Lucas*, 9 Cal. App. 4th 365, 369, 11 Cal. Rptr. 2d 723, 725 (1992). "These costs may include attorney fees, if authorized by contract, statute, or law (§ 1033.5, subd. (a)(10)). Most costs are obtained by filing a cost memorandum, although attorney fees require a separate noticed motion (§ 1033.5, subd. (c); Cal. Rules of Court,

rule 3.1702)... In other words, the amount of the cost award is incorporated into the judgment." *Lucky United Properties Inv.*, 185 Cal. App. 4th at 137.

The State Court judgment entered on February 6, 2015 left a blank space for costs. Pursuant to the procedure outlined above, Claimants sought expert fees through a memorandum of cost and attorney's fees through a separate motion to be incorporated into the judgment. The foregoing case law would indicate that Claimants are entitled to statutory interest running from the date of the original entry of judgment, February 6, 2015. However, the issue becomes more complicated when, as is the case here, Claimants execute an acknowledgment of full satisfaction of the original judgment and are subsequently awarded additional costs and fees after appeal.

On June 2, 2015, Claimants executed an acknowledgement of satisfaction, indicating that the February 6, 2015 judgment was satisfied in full.[4] Debtor argues that the acknowledgement of full satisfaction of the February 6, 2015 judgment bars the Claimants from accruing any interest.[5] While Debtor cited limited authority, the Court conducted further independent research to obtain a full appreciation of the relevant law[6] and legislative history.

It is well settled, subject to certain exceptions, that a "satisfaction of judgment is the last act and end of the proceedings," and a parties' acknowledgment of satisfaction can terminate their right to recover additional awards made by the court. *Brochier v. Brochier*, 17 Cal. 2d 822, 825-826, 112 P.2d 602, 604 (1941); see also *In re Estate of Baby*, 87 Cal. 200, 202-203, (1890).

Further, pursuant to Cal. Civ. Proc. Code § 685.030, "if a money judgment is satisfied in full other than pursuant to a writ under this title, interest ceases to accrue on

---

[4] The form executed by Claimants acknowledging satisfaction of judgment included an option for "partial" satisfaction; however, the form was completed so as to indicate "full" satisfaction.

[5] Claimants did not address the legal merit of the argument raised in Debtor's objection that entry of the acknowledgement of full satisfaction of judgment terminated Claimants' entitlement to interest in its opposition or orally at the December 12, 2019 hearing.

[6] For an excellent understanding of the law on accord and satisfaction in California, see Bankruptcy Judge Christopher Klein's decision, *In re Dragnea*, 609 B.R. 239 (Bank. E.D. Cal 2019).

the date the judgment is satisfied in full." A trial court may order restitution, upon appropriate motion, where a judgment was paid *during* a pending appeal, and then the judgment was reversed. *Selby Constructors v. McCarthy*, 91 Cal. App. 3d 517, 527, 154 Cal. Rptr. 164, 170 (1979). However, that is not the circumstance before the Court in this instance. Claimants did not file a notice of appeal until June 18, 2015, several weeks *after* executing a full satisfaction of judgment.[7] Further, there is no evidence to indicate that the satisfaction of judgment has been set aside by appropriate proceedings for proper cause or otherwise vacated. *Brochier*, 17 Cal. 2d at 825-826.

Pursuant to the plain language of Cal. Civ. Proc. Code § 685.030, and California decisional authority, this Court finds that Claimants' execution of the full satisfaction of judgment stopped any accrual of interest on the post-judgment award.[8] Thus, Claimants are not entitled to any post-judgment interest on the award of attorney's and expert fees entered on May 14, 2019.

### III. While the Court's ruling on the effect of Full Satisfaction ends the discussion, without that final determination, Accrual of Interest would depend on whether the Appellate Decision was a "Reversal" or "Modification" of the State Court Judgment

In the unlikely event that the Court's application of the law above relating to the effect of executing an acknowledgment of full satisfaction of judgment is overturned by any means, whether the May 18, 2018 decision by the Court of Appeals constituted a reversal or modification would govern the amount of interest, if any, to which Claimants are entitled.

---

[7] Claimants, orally at the December 12, 2019 hearing, acknowledged that the entry of full satisfaction of the judgment occurred *before* any appeal was filed.

[8] Claimants argue in their Opposition that costs incurred during an appeal are treated differently than prejudgment costs in order to justify accrual of interest on its $3,595.00 attorney's fees award. However, the Court notes that the $3,595.00 in attorney's fees were not related to costs incurred at the appellate level, but rather were incurred in prosecuting the motion for reconsideration at the trial court. "[T]rial court awards of costs and fees incurred on appeal do not constitute separate judgments. Rather, they are incorporated into the original trial court judgment as are all other awards of costs and fees." *Lucky United Properties Inv., Inc. v. Lee*, 213 Cal. App. 4th 635, 654, 152 Cal. Rptr. 3d 641, 657 (2013), *as modified on denial of reh'g* (Feb. 26, 2013).

6

"When a judgment is *modified* upon appeal, whether upward or downward, the new sum draws interest from the date of the entry of the original order, not from the date of the new judgment. On the other hand, when a judgment is *reversed* on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment. Whether an order by an appellate court is a modification or a reversal depends on the substance and effect of that order." *Chodos v. Borman*, 239 Cal. App. 4th 707, 712–13, 190 Cal. Rptr. 3d 889, 893–94 (2015) (*citing Snapp v. State Farm Fire & Cas. Co.*, 60 Cal. 2d 816, 821, 36 Cal. Rptr. 612, 615 (1964)) (*emphasis added*).

An appellate court order is "a reversal in the legal sense" when it reverses the trial court and remands an issue to the trial court for further hearing and factfinding necessary to the resolution of the issue forming a basis for appeal. *Stockton Theatres, Inc. v. Palermo,* 55 Cal. 2d 439, 441, 444, 11 Cal. Rptr. 580, 581–583 (1961). Furthermore, when an appellate court determines that the trial court lacks authority to award damages at the point that the award is made, a reversal on appeal is a substantive reversal. *Chodos*, 239 Cal. App. 4th at 713.

Both parties rely on *Stockton Theatres, Inc. v. Palermo*. This case is the seminal case which teaches how to distinguish whether an appeallate decision operates as a legal modification or a reversal, and illustrates what a court may consider when seeking to make such a distinction. In *Stockton*, the plaintiff obtained a judgment and both sides appealed. The appellate court increased the amount of the judgment and expressly ordered that the plaintiff recover costs on appeal. After issuance of the remitter, the plaintiff filed a memorandum of costs, which included $6,980.49 attributable to the cost of a surety bond. The trial court awarded all costs except for those attributable to the surety bond, as reflected in its December 17, 1954 order. The plaintiff successfully appealed the disallowance of the $6,980.49. The reviewing court reversed and remanded to the trial court, holding that the plaintiff is entitled to the costs of the surety bond to the extent that the surety bond was reasonably necessary to preserve appellate

rights. The appellate court found that this was a legal reversal, as it had been determined that bond premiums were recoverable but there had not been a hearing on the necessity for such a bond and neither party had presented evidence on that issue. 55 Cal. 2d at 439—441.

In *Stockton*, after the hearing at which both parties offered evidence, the trial court concluded the bond was not necessary and again denied the item of cost of the surety bond pursuant to an order dated April 12, 1957. The plaintiffs appealed again, and were again successful. The appellate court concluded that the evidence presented at the trial court level prior to the appeal supported a finding of necessity for the bond as a matter of law, and the trial court simply made an incorrect finding. The trial court's order was reversed with directions to allow the bond premium as a cost on appeal. Despite the appellate order being termed a reversal, this was deemed a legal modification. *Id*. at 439—444.

Following the remand, the trial court in *Stockton* allowed the costs of the surety bond pursuant to an order dated January 20, 1959. The trial court made its order effective from the date of its entry. This meant that the award was to bear interest only from that date, January 20, 1959, and not from the date that the costs were originally taxed, December 17, 1954. The plaintiff moved to vacate the order, and the motion was denied. The plaintiffs appealed yet again. The appellate court concluded that interest should have been awarded from the date of the trial court order finding the bond unnecessary and denying it as an item of costs (the April 12, 1957 order), but not from the original entry of judgment (the December 17, 1954 order). *Id*. at 439—444

The *Stockton* opinion noted that although the appellate court's order reversing the trial court's April 12, 1957 order finding that the bond was not necessary "was couched in terms of a reversal with directions, it had the legal and practical effect of modifying the original award." The court went on to explain that when the trial court entered its January 20, 1959 award allowing the costs of the surety bond, the trial court, pursuant to directions from the appellate court, was necessarily deciding that not only

8

was such item recoverable, but that it should have been recoverable as of April 12, 1957. *Id.*

Where the appellate court issues a so-called 'reversal' with directions, based solely on the record then before the appellate court, with no remaining issues to be determined, and no further evidence necessary to be obtained by the trial court, it is in fact and in law, a modification. *Snapp*, 60 Cal. 2d at 820.

### IV. The Court of Appeals decision on Expert Fees was a Reversal, while its decision on Attorney's Fees was a Modification

In order to fully analyze the issue of whether the Court of Appeal's May 18, 2018 decision amounts to a legal modification or reversal of the State Court's orders, this Court must look separately to the substance and effect of the two issues which were the subject of appeal and post-judgment award: pre-judgment expert and attorney's fees.

<u>Pre-Judgment Expert Fees</u>

Turning first to the matter of expert fees, this Court finds that the Court of Appeal decision was a legal reversal.

The State Court's April 28, 2015 minute order reduced the requested expert fees, citing only one reason for the reduction: "the first § 998 offer is ambiguous and the second § 998 offer only applied to the complaint." This Court notes that the § 998 issue was only one of multiple objections which were raised in the pleadings, but the finding made at the state court level would result in a categorical disallowance. The Court of Appeal acknowledged this fact as well, noting in its opinion that "[Debtor] raises several other issues with respect to recovery of expert fees, but we deem those best decided by the trial court in the first instance." It is regrettable that the April 28, 2015 minute order does not indicate whether the State Court considered all arguments before it, or stopped at the preliminary § 998 analysis. If the § 998 issue was the sole basis for denial even after the State Court considered the other arguments raised, then the Court of Appeal's reversal of the State Court's §998 finding would have the practical and legal effect of a "modification" because no further factfinding would be required to resolve the issue on

remand. However, the Court cannot reach this conclusion by looking at the language of the order itself.

Given the ambiguity, this Court looks to the events that occurred after remand at the trial court level. Both parties fully briefed the matter of expert fees, providing significant evidence in support of their positions despite addressing generally the same issues raised before the appeal. Additionally, the State Court gave both parties the opportunity for oral argument by conducting the May 6, 2019 hearing. While the parties did not address the substantive arguments regarding the expert fees at the hearing, there is still no indication that the State Court had, at the time of its April 28, 2015 minute order, addressed the balance of the arguments beyond the § 998 issue, which included, but were not limited to, the improper inclusion of fees related to a federal action, the necessity of depositions and other testimony, and Claimants' alleged failure to properly disclose billing rates. Even the Court of Appeals in its opinion seems to qualify that the § 998 issue may not be dispositive after remand, citing the other initial arguments raised at the trial court level.

Given that there is no clear indication otherwise, this Court must take the Court of Appeal's reversal and remand literally, and find that its decision dated May 8, 2018 amounted to a reversal in the legal sense. When it reversed and remanded the issue to the State Court, it was under the circumstances that further hearing and factfinding necessary to the resolution of the issue forming a basis for appeal might be required.

<u>Pre-Judgment Attorney's Fees</u>

As to attorney's fees, this Court finds that the Court of Appeal's decision was a modification.

The May 20, 2015 minute order denied Claimants' motion for attorney's fees because "the cause of action under Penal Code § [5]02 is not inextricably linked to the cause of action for theft of trade secrets to allow recovery of intermingled attorneys' fees. The evidence does not allow the court to allocate fees to the § 502 cause of action." Also, before the court at the time of that ruling was one other argument: that the court should

use its discretion to not award fees. The Court of Appeal found only that apportionment was unnecessary and did not address the matter of the State Court's discretion to disallow the attorney's fees on any other basis. However, unlike the matter of expert fees above, the Court of Appeals made no qualifying statement indicating that additional arguments had been raised or were left to be decided upon.

Once again, the May 20, 2015 minute order does not indicate whether the State Court considered all arguments before it, or stopped at the § 502 analysis. Looking to the events that occurred after remand, the Court notes that both parties fully briefed the matter in state court, providing significant evidence in support of their pleadings. However, Debtor notably abandoned the argument that the State Court use its discretion not to award fees. Rather, Debtor argued that the motion was untimely, that Claimants should be limited to the original amount of fees requested[9], and that the motion lacked sufficient evidence to support at least $381,518.00 of the $812,134.00 in attorney's fees sought. The State Court held a hearing on May 6, 2019, giving the parties the opportunity for oral argument, but the parties did not discuss anything specific to the topic of attorney's fees.

Given the fact that the Court of Appeal made no qualifying statements about remaining issues to be considered on remand by the State Court, but had done so in the same opinion with regard to expert fees, and bolstered by Debtor's abandonment of its discretion argument and the language of the State Court in awarding the amount of attorney's fees as "requested in the original motion," this Court finds it likely that, but for the § 502 issue which was clarified on remand, the State Court's May 20, 2015 minute order would have resulted in an award for Claimants of $445,843.00 in attorney's fees, the amount requested in the original motion. Despite the full briefing by the parties, no new evidence to be obtained by the State Court on remand would have affected the May 20, 2015 minute order. Therefore, the Court of Appeal's decision dated

---

[9] In light of the Court of Appeal's holding on apportionment, Claimants sought $812,134.00 in attorney's fees in its motion for reconsideration, instead of the $445,843.00 originally requested before the appeal.

11

May 18, 2018 had the practical and legal effect of a "modification," as no additional factfinding after the reversal was required to resolve the issue.

Therefore, this Court finds that if the Claimants had not executed a full satisfaction of judgment, the Court of Appeals decision on expert fees was a legal reversal and interest should accrue from the entry of the new judgment, May 14, 2019, while the Court of Appeals decision on pre-judgment attorney's fees was a modification, and so interest should accrue from the date of the original judgment, February 6, 2015. If Claimants had not executed a full satisfaction of the original judgment, the total amount of Claimant's post judgment interest would be reduced from $245,863.35 to $190,624.96.[10]

### V.    Conclusion

The Court hereby finds that Claimants are not entitled to interest on the May 14, 2019 judgment as the execution of an acknowledgement of full satisfaction of judgment stopped the accrual of any future interest. Thus, the Debtor's objection is SUSTAINED, and the March 5, 2020, hearing is hereby vacated.

IT IS SO ORDERED.

###

Date: __March 4, 2020__          _____
                                  U.S. Bankruptcy Court

---

[10] This sum is calculated by adding: (1) $70.91 is for 10% interest on the May 14, 2019 award of $129,409.58 for expert fees beginning from a May 14, 2019 entry of judgment to the date of the filing of the Bankruptcy, May 16, 2019, (2) $190,552.08 is 10% interest on the May 14, 2019 award of $445,843.00 for attorney's fees beginning from February 6, 2015 to May 16, 2019, and (3) $1.97 is 10% interest on the May 14, 2019 award of $3,595.00 in attorney's fees incurred post-appeal beginning from May 14, 2019 to May 16, 2019.

12